UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEDZEN DONDIM, INC., 1729 REALTY CORP., DOMINIQUE MOSELLE REMINICK, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL GRID USA, its affiliates, partners, subsidiaries, and related entities and SALLY LIBRERA, President of National Grid,<br><br>Defendants. | Civil Action No:<br><br>**NOTICE OF REMOVAL** |

Defendants National Grid USA and Sally Librera ("Ms. Librera" and collectively, "the National Grid Defendants") submit this Notice of Removal and, in support of this Notice, state as follows:

1. This action was commenced in the Supreme Court of the State of New York, County of Kings by the filing of a Complaint on February 10, 2025, by Plaintiffs Tedzen Dondim, Inc, 1729 Realty, Corp., and Dominique Moselle Reminick (collectively, "Plaintiffs") for themselves and on behalf of all others similarly situated, against National Grid USA and Sally Librera. (*Tedzen Dondim, Inc., 1729 Realty, Corp., Dominique Moselle, and on behalf of all others similarly situated v. National Grid USA and Sally Librera* (Supreme Court of the State of New York, County of Kings, Index Number 504836/2025)) (the "State Court Action").

2. A copy of the Summons and Complaint was served on National Grid USA on February 18, 2025. A copy of the Summons and Complaint was served on Ms. Librera on February

20, 2025. On February 26, 2025, Plaintiffs filed an Amended Complaint against National Grid USA and Ms. Librera.

3. A true and complete copy of the Summons and Complaint (with Exhibit A) filed in the State Court Action is attached as **Exhibit 1** to the Declaration of Michael J. Fitzpatrick ("Fitzpatrick Decl."), filed herewith. A true and complete copy of the Amended Complaint filed in the State Court Action is attached to the Fitzpatrick Decl. as **Exhibit 2**. A true and complete copy of the February 18, 2025 Affirmation of Service on National Grid USA filed in the State Court Action is attached to the Fitzpatrick Decl. as **Exhibit 3**. A true and correct copy of the February 11, 2025 Affidavit of Due Diligence filed in the State Court Action is attached to the Fitzpatrick Decl. as **Exhibit 4**. A true and correct copy of the February 11, 2025 Affidavit of Due Diligence filed in the State Court Action is attached to the Fitzpatrick Decl. as **Exhibit 5**. A true and complete copy of the February 20, 2025 Affirmation of Service on Ms. Librera filed in the State Court Action is attached to the Fitzpatrick Decl. as **Exhibit 6**.

4. The Complaint, Summons, Amended Complaint, Affirmations of Service, and Affidavits of Due Diligence constitute all the process, pleadings, and orders served upon the National Grid Defendants and/or filed in the State Court Action. Based on the knowledge of the National Grid Defendants, no other hearings or other proceedings have taken place in the State Court Action. Pursuant to Fed. R. Civ. P. 11(a), undersigned counsel for the National Grid Defendants verifies that true and correct copies of all process, pleadings, and orders served upon the National Grid Defendants or filed in this State Court Action have been submitted with this Notice.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), because it is being filed within thirty days (30) after service of the initial pleading or document (*i.e.*, the Summons and

Complaint) that provides the grounds for this removal petition (*i.e.*, federal question jurisdiction) on the National Grid Defendants.

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), each of the National Grid Defendants, both of whom have been joined and served in this action, hereby consents to the removal of this case to the United States District Court for the Eastern District of New York.

7. Removal is appropriate for civil actions over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a); *see Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260 (2d Cir. 2018). "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Giammatteo v. Newton*, 452 F. App'x 24 (2d Cir. 2011) (quoting 28 U.S.C. § 1331). Federal question jurisdiction exists "when federal law creates the cause of action asserted." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905 (2d Cir. 2024). That is the case here.

8. There is original jurisdiction pursuant to 28 U.S.C § 1331 of the operative pleading (the Amended Complaint). The Amended Complaint asserts two claims that arise under federal law: one claim asserts a violation of the Due Process Clause of the Fourteenth Amendment, and another claim alleges a violation of the Clean Air Act, 42 U.S.C § 7401 et seq. Count IV of the Amended Complaint alleges that National Grid USA violated the Due Process Clause of the Fourteenth Amendment. (Amended Complaint ¶¶ 50-60). A virtually identical claim was made in the original complaint. Count V of the Amended Complaint alleges that National Grid USA violated the Clean Air Act (*Id.* ¶ 65), and that Ms. Librera allegedly is personally liable for the violation of the Clean Air Act. (*Id.* ¶ 68). Because the Amended Complaint asserts two claims that arise under federal law, and this Notice or Removal is being filed within 30 days of service of the

Summons and Complaint in the State Court Action, this Notice of Removal meets the requirements for removal under 28 U.S.C. 1441(a).

9. Venue is proper in the Eastern District Court of New York because it is the District Court for the district and division where the State Court Action is pending. *See* 28 U.S.C. 82, 1441(a).

10. After filing this Notice of Removal, the National Grid Defendants will promptly serve written notice of this Notice of Removal on Plaintiffs' counsel and file a true and correct copy of the same with the Clerk of the Supreme Court of New York for Kings County, in accordance with 28 U.S.C. § 1446(a).

11. By this filing, the National Grid Defendants do not admit any liability, do not concede the accuracy of Plaintiffs' allegations, and do not concede that the state or federal courts in New York have personal jurisdiction over them or that Plaintiffs are entitled to any relief sought in the Amended Complaint, or relief of any kind. Similarly, nothing in this Notice of Removal shall be interpreted as a waiver of relinquishment of the National Grid Defendants' right to assert any defense or affirmative matter including, but not limited to, the defense of lack of standing, lack of personal jurisdiction, improper venue, insufficiency of process, failure to state a claim, or any other procedural or substantive defenses available to the National Grid Defendants. *See Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152 (2d Cir. 1996) (noting that removal to federal court did not waive defense of personal jurisdiction).

WHEREFORE, the National Grid Defendants hereby remove this action from the Supreme Court of New York in and for the County of Kings, to the United States District Court for the Eastern District of New York.

**DAY PITNEY LLP**

By:    */s/ Michael J. Fitzpatrick*
Michael J. Fitzpatrick
Richard H. Brown
605 3rd Avenue, 31st Floor
New York, NY 10158
(212) 297-5854
rbrown@daypitney.com
mfitzpatrick@daypitney.com

*Attorneys for the Defendants*

DATED: March 12, 2025